Troutman Pepper Hamilton Sanders LLP
Hercules Plaza, 1313 N. Market St., Suite 5100, P.O. Box 1709
Wilmington, DE  19899-1709

troutman.com

**James H.S. Levine**
D 302.777.6536
F 866.679.6592
james.levine@troutman.com

December 28, 2020

**VIA ECF**

Hon. Colm F. Connolly
J. Caleb Boggs Federal Building
844 N. King Street
Unit 31, Room 4124
Wilmington, DE  19801-3555

Re:   Acera Surgical, Inc., et al.  v. Nanofiber Solutions, LLC
      Case No. 1:20-cv-00980-CFC

Dear Judge Connolly:

On December 10, 2020, at the request of Plaintiffs, the parties to this action held a Rule 26(f) conference and now submit a proposed Scheduling Order For Patent Cases In Which Infringement Is Alleged (the "proposed Scheduling Order").  With respect to the dates in the proposed Scheduling Order, the parties have contrasting positions, set forth below.

Defendants' Position:  On October 23, 2020, Defendants moved to dismiss the First Amended Complaint (the "Motion to Dismiss").  The Motion to Dismiss is fully briefed and pending before the Court.  The parties held a Rule 26(f) conference despite Defendants' concern that such a conference was premature because the nature and scope of the claims and defenses in this Action cannot be fully determined until the Motion to Dismiss is resolved.  Further, Defendants have not yet answered, and Defendants expect to assert one or more patent infringement counterclaims if they are required to answer, making any effort to set discovery deadlines and proceed with discovery inefficient and impracticable.  Defendants agreed to submit the proposed Scheduling Order in compliance with the rules of the Court and at Plaintiffs' insistence, but believe the Motion to Dismiss should be resolved before a discovery schedule is set in this Action.  Defendants further believe that the dates in the proposed Scheduling Order will likely need to be adjusted depending on the timing and nature of the Court's ruling on the pending Motion to Dismiss.

Plaintiffs' Position:  Plaintiffs believe the parties should proceed with discovery in this action without waiting for the Court's ruling on the Motion to Dismiss.  The Court should not allow Defendants to delay discovery or the entry of a scheduling order based on their expectation to file a patent infringement counterclaim.  To the extent Defendants believe Plaintiffs are infringing its intellectual property they can file a separate patent infringement suit.  Discovery into Plaintiffs' causes of actions should not be stymied by Defendants' tactical decision to sit on its alleged rights until they file what would be a permissive patent infringement counterclaim in this action.  Plaintiffs believe discovery into its causes of action is entirely



appropriate and practicable and is in the best interest of efficiently resolving the parties' disputes.

          Respectfully submitted,

          */s/ James H. S. Levine*

          James H.S. Levine (#5355)


cc:      All counsel of record (via CM/ECF)